Madden, Judge,
delivered the opinion of the court:
The findings of fact show that the plaintiff, in the performance of a contract with the Government, incurred increased costs of $33,595.52 as a result of the enactment of the National Industrial Recovery Act. It has, therefore, a valid claim for that amount under the act of June 25, 1938, except as its claim is affected by the following intervening events. It having, in 1935, timely presented its claim for $33,595.52 to the War Department under the act of June 16, 1934, and the Department having transmitted the claim to the Comptroller General, that official denied the claim. Then the plaintiff sought and obtained the enactment of the Private Act recited in finding 5, appropriating $25,144.76 to the plaintiff “in full settlement of the claim of said company against the United States for increased cost * * * incurred in complying” with the National Industrial Recovery Act. The Private Act was approved August 3,1937, and the plaintiff was in due course paid the money appropriated by it.
The question is whether the act of June 25, 1938, gave to the plaintiff the right to recover the balance of its increased costs, notwithstanding the release of that balance which was implied in its acceptance of the money appropriated to it in the Private Act. We think it did. Section 3 of the 1938 act provides that we shall adjudicate claims under it “upon *665 a fair and equitable basis, and notwithstanding the bars or defenses of any alleged settlement or adjustment heretofore made.” In the Senate Report on the bill which became the act of June 25,1938 (Senate Report No. 1996, 75th Congress, Third Session), there is quoted a letter from the Secretary of War to the Chairman of the Senate Committee on Claims, which letter says:
The present bill would also in effect reopen to possible judicial review in the Court of Claims, at the suit of claimants, all settlements and adjustments of such claims already made, either by the Comptroller General under the act of June 16,1934, or by any authority pursuant to private relief bills.
We think that the broad language of the 1938 act, together with its legislative history, shows that Congress intended to reopen settlements such as the one involved here. We therefore award the plaintiff $8,450.76, the unpaid balance of its increased costs.
It is so ordered.
Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.